UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

United States of America,

                    Plaintiff,

        vs.

John G. Hoklin, Barbara U.
Hoklin, State of Minnesota,
and Countrywide Funding
Corporation,

                    Defendants.          Civ. No. 06-2382 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a special assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Government's Motion for Summary Judgment.  A

Hearing on the Motion was conducted on December 18, 2007, at which time, the

Government appeared by LaQuita Taylor-Phillips, Trial Attorney, Tax Division; and

the Defendants John G. Hoklin, and Barbara U. Hoklin (collectively, the "Hoklins")

appeared <u>pro se</u>.[1]  For reasons which follow, we recommend that the Government's

Motion for Summary Judgment be denied.

## II. <u>Factual and Procedural Background</u>

This is a civil action that was commenced by the United States, in order to

reduce to Judgment certain Federal tax assessments, which were made against the

Hoklins, for unpaid Federal income taxes, interest, and penalties.  See, <u>Title 26 U.S.C.</u>

<u>§§7402, 7403.</u>  The Government also seeks to foreclose on Federal Tax Liens on

certain real property, which belongs to the Hoklins, and which is described as follows:

> Lot 7, Block 1, Forest Hill Farm, according to the recorded
> plat thereof, and situated in Hennepin County, Minnesota.

See, <u>Complaint</u>, <u>Docket No. 1</u>, at ¶7.

---

[1]Both the State of Minnesota (the "State"), and Countrywide Funding Corporation ("Countrywide"), were originally named as Defendants in this action, pursuant to their interests in the real property at issue.  By letter dated October 26, 2006, counsel for the State notified the Court that it did not intend to appear in this action.  See, <u>Docket No. 5</u>.  Accordingly, on March 23, 2007, upon the Government's application, the Clerk's Office entered default against the State of Minnesota, pursuant to Rule 55(a), Federal Rules of Civil Procedure.  See, <u>Docket Nos. 9 and 29</u>.

On December 23, 2006, Countrywide filed an Answer, see, <u>Docket No. 16</u>, however, on February 23, 2007, Countrywide and the Government filed a Stipulation, in which they agree that Countrywide's mortgage interest in the real property is superior to the Federal Tax Liens asserted by the Government.  See, <u>Docket No. 24</u>.  As of February 21, 2007, Countrywide's mortgage interest in the real property amounted to $21,202.75.  <u>Id.</u>  Neither the State nor Countrywide made an appearance at the Hearing, nor filed any written response to the Government's current Motion.

In addition to foreclosure of its Federal Tax Liens, the Government seeks an Order of Judicial Sale, with respect to the real property.

In its Complaint, the Government contends that the Hoklins owe Federal income taxes, penalties, and interest, as follows:

| Assessment Date | Tax Year | Tax Assessed | Penalty Assessed | Interest Assessed | Balance of Liability |
|---|---|---|---|---|---|
| 09/20/93 | 1992 | $6,493.00 | $399.79 | $199.74 | $17,648.82 |
| 09/26/94 | 1993 | $9,078.00 | $574.34 | $312.64 | $34,560.74 |
| 08/28/95 | 1994 | $14,952.00 | $893.80 | $538.24 | $36,888.41 |
| 06/03/96 | 1995 | $13,319.00 | $463.19 | $78.80 | $16,851.55 |
| 11/24/97 | 1996 | $19,014.00 | $1,105.19 | $876.84 | $32,199.46 |
| 06/01/98 | 1997 | $18,672.00 | $1,192.59 | $193.32 | $36,595.88 |

Id. at ¶8.

The Government contends that, as of July 16, 2007, the total amount owing is $200,345.74, with interest and additions accruing thereafter. See, Government's Memorandum in Support, Docket No. 36, at 2.

In its Complaint, the Government alleges that for each amount assessed, as described above, it provided timely Notice of Assessment to the Hoklins, but that the Hoklins have failed to pay the amounts owing. See, Complaint, supra at ¶¶9-10.

Accordingly, the Government contends that its Federal Tax Liens arose, on the date of each assessment outlined above, and attached to the real property. See, <u>Title 26 U.S.C. §§6321, 6322</u>. The Government further contends that it filed and re-filed timely Notices of Federal Tax Liens with the Hennepin County Recorder, with respect to the real property, and as required by statute. See, <u>Complaint</u>, supra at ¶15; <u>Government's Memorandum in Support</u>, supra at 3, Exhibits 17-24 (Filed Notices of Federal Tax Liens); see also, <u>Title 26 U.S.C. §6502(a)</u>(A proceeding to collect tax must be commenced within ten (10) years of assessment); <u>26 C.F.R. 301.6323(g)-1(a)</u> (A notice of lien may be re-filed to extend the statute of limitations).

On July 3, 2006, the Hoklins filed an Answer, in which Mr. Hoklin admits ownership of the real property. See, <u>Docket No. 2</u>, at ¶7. However, the Hoklins raise several defenses, which contest the validity of the Federal Tax Liens.[2] First, the Hoklins allege that the IRS failed to follow statutory deficiency procedures, and failed to issue a Notice of Deficiency for the tax years in question. <u>Id.</u> at ¶¶17-18; see, <u>Title</u>

---

[2]Although the Hoklins do not cite to the statutes which support their defenses, we read their Answer generously, in order to determine if any genuine issues remain for Trial. See, <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)("[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers[.]'"), quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Stringer v. St. James R-1 School Dist.</u>, 446 F.3d 799, 802 (8th Cir. 2006); <u>Scherping v. Comm'r of Internal Revenue</u>, 747 F.2d 478, 480 (8th Cir. 1984).

26 U.S.C. §6212(a) ("If the [IRS] determines that there is a deficiency in respect of [income] tax imposed * * * [it] is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."). Accordingly, the Hoklins contend that they were deprived of their due process right to challenge the alleged deficiencies in the United States Tax Court. Id. at ¶21; see, Title 26 U.S.C. §6213(a) ("Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.").

The Hoklins also allege that the IRS failed to issue a Notice of Assessment, or a Notice of Intention to Levy, for the tax years in question. Id. at ¶¶19-20, 26; see, Title 26 U.S.C. §§6213(c) ("If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary."), 6303(a) ("[T]he Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof."), 6330(a)(1) ("No levy may be made on any property or right to

property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.").

Moreover, the Hoklins allege that the IRS failed to follow the proper authorization procedure to commence this civil action against them. Id. at ¶27. Therefore, the Hoklins contend that the IRS has not satisfied the necessary prerequisites to collecting any delinquent income taxes. Id.; see, Title 26 U.S.C. §§6213(a) ("[N]o assessment of a deficiency in respect of any [income] tax * * * and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final."), 7401 ("No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.").

The Hoklins further allege that the IRS erred when it calculated the amount of income taxes owing. Id. at ¶¶22-25. They also assert that their Federal tax liabilities, if any, were discharged when they filed for a Chapter 7 bankruptcy, in 2001. Id. at ¶30; see also, Complaint, supra at ¶16. In the alternative, the Hoklins contend that the

- 6 -

Government's Federal Tax Lien is limited to the amount of equity they owned in the real property, at the time of the bankruptcy discharge.  Id. at ¶31.  The Government, for its part, contends that, although the Hoklins' personal tax liability was discharged by their bankruptcy, the Federal Tax Liens survived the discharge, and remain with the real property.  See, Complaint, supra at ¶16.

Finally, in their Answer, the Hoklins request equitable relief from this Court. They ask that the Government be precluded from foreclosing on their home, given their present financial circumstances.  See, Answer, supra at ¶¶28-29.

The Government now moves for Summary Judgment, and asks that we reduce the assessments to Judgment, foreclose the Federal Tax Liens, and order a forced sale of the real property.  See, Government's Motion for Summary Judgment, Docket No. 34; Government's Memorandum in Support, supra at 6-7.  The Hoklins have not filed a written response to the Government's Motion.

III.  Discussion

The Government's Motion for Summary Judgment.

A.    Standard of Review.  Summary Judgment is not an acceptable means of resolving triable issues, nor is it a disfavored procedural shortcut when there are no issues which require the unique proficiencies of a Jury in weighing the evidence, and in rendering credibility determinations.  See, Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Midwest Oilseeds, Inc. v. Limagrain Genetics Corp., 387 F.3d 705, 711 (8th Cir. 2004), cert. denied, 544 U.S. 977 (2005).  Summary Judgment is appropriate when we have viewed the facts, and the inferences drawn from those facts, in a light most favorable to the nonmoving party, and we have found no triable issue.  See, Eide v. Grey Fox Technical Servs. Corp., 329 F.3d 600, 604 (8th Cir. 2003); Philip v. Ford Motor Co., 328 F.3d 1020, 1023 (8th Cir. 2003); United Fire & Casualty Co. v. Garvey, 328 F.3d 411, 413 (8th Cir. 2003).  For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case, while a dispute is "genuine" if the evidence is such that a reasonable Jury could return a Verdict for the nonmoving party.  See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Planned Parenthood of

Minnesota/South Dakota v. Rounds, 372 F.3d 969, 972 (8th Cir. 1004); Fenney v. Dakota, Minnesota & Eastern R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003)

As Rule 56(e) makes clear, once the moving party files a properly supported Motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute.  In sustaining that burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial."  Rule 56(e), Federal Rules of Civil Procedure; see also, Anderson v. Liberty Lobby, Inc., supra at 256; Eddings v. City of Hot Springs, Ark., 323 F.3d 596, 602 (8th Cir. 2003).

Moreover, the movant is entitled to Summary Judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, supra at 322; see also, Forest Park II v. Hadley, 408 F.3d 1052, 1057 (8th Cir. 2005); Mercer v. City of Cedar Rapids, 308 F.3d 840, 843 (8th Cir. 2002); Hammond v. Northland Counseling Center, Inc., 218 F.3d 886, 891 (8th Cir. 2000).  No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." <u>Celotex Corp. v. Catrett</u>, supra at 323; see also, <u>Sallis v. University of Minnesota</u>, 408 F.3d 470, 474 (8th Cir. 2005); <u>Davis v. U.S. Bancorp</u>, 383 F.3d 761, 768 (8th Cir. 2004); <u>Bell Lumber and Pole Co. v. United States Fire Ins. Co.</u>, 60 F.3d 437, 441 (8th Cir. 1995).

      B.    <u>Analysis</u>.  Because the Hoklins have not filed any written response to the Government's Motion, we turn our attention to the defenses raised in their Answer. Our analysis begins with an outline of the statutory framework which applies in this proceeding.

      1.    <u>The Internal Revenue Code</u>.  In pertinent part, the Internal Revenue Code, <u>Title 26 U.S.C. §6211(a)(1)(A)</u>, defines an income tax "deficiency" as "the amount by which [income] tax [calculated by the IRS] * * * exceeds the excess of the sum of the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer[,]" and therefore,  "'there is no "deficiency," in the tax code sense, where a taxpayer reports on his return that he owes an amount, but simply fails to remit such amount to the IRS.'" <u>United States v. Schoppert</u>, 362 F.3d 451, 454 (8th Cir. 2004), cert. denied, 543 U.S. 911 (2004), quoting <u>Perez v. United States</u>, 312 F.3d 191, 197 (5th Cir. 2002); compare, <u>Bonnett v. United States</u>, 1997 WL 331813 at *5 (D. Neb., March 26, 1997)(Observing that "[t]he IRS may summarily or immediately

assess and collect any taxes that are computed and shown due on a taxpayer's income tax return," whereas "a deficiency assessment requires the IRS to follow a number of statutory steps before it may undertake to collect the deficiency."), citing Title 26 U.S.C. §§6201(a)(1), 6212.  If the IRS determines that there is a deficiency -- either because the taxpayer did not submit a return, or because the taxpayer reported less than what is actually owing -- then the IRS sends a Notice of Deficiency to the taxpayer, by certified mail or registered mail, and in most cases, to the taxpayer's last known address.  See, Title 26 U.S.C. §6212(a), (b)(1).

A Notice of Deficiency must be sent at least ninety (90) days before any collection activities are initiated.  See, Title 26 U.S.C. §6213(a).  "During this ninety-day period, the taxpayer may petition the Tax Court for a prepayment redetermination of the deficiency."   Ponchik v. Comm'r of Internal Revenue, 854 F.2d 1127, 1129 (8th Cir. 1988); see also, Title 26 U.S.C. §6213(a).  The deficiency cannot be assessed until the time for petition has expired, nor can the IRS impose a levy or initiate a civil proceeding.  See, Title 26 U.S.C. §6213(a).  If, however, the taxpayer does not file a petition with the United States Tax Court, within ninety (90) days, "the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary."  Title 26 U.S.C. §6213(c).  If the IRS

fails to comply with the notice requirements of Section 6212(a), the taxpayer may seek an injunction against assessment or collection, pursuant to Title 26 U.S.C. 6213(a).  See, Ponchik v. Comm'r of Internal Revenue, supra at 1129.

Once the deficiency is assessed, the IRS sends a Notice of Assessment, and a demand for payment, to the taxpayer within sixty (60) days of the assessment.  See, Title 26 U.S.C. §6303(a).  In addition, on the date of assessment, the amount of the deficiency, plus interest and penalties, becomes a lien in favor of the Government, upon all of the taxpayer's property.  See, Title 26 U.S.C. §§6321, 6322; see also, United States v. Mitchell, 403 U.S. 190, 204 (1971); United States v. Solheim, 953 F.2d 379, 382 (8th Cir. 1992).  The Government must file a Notice of Lien, as to any real property of the taxpayer, in the County where the real property is located, and it must re-file the Notice of Lien after ten (10) years.  See, Title 26 U.S.C. §6323(a), (f), (g).  Thereafter, the Government may bring a civil action in a District Court to enforce a Lien, as here.  See, Title 26 U.S.C. §7402; Title 28 U.S.C. §§1340, 1345; United States v. Scherping, 187 F.3d 796, 798 (8th Cir. 1999), cert. denied, 528 U.S. 1162 (2000).

2.     Notices of Deficiency.  As noted, in their Answer, the Hoklins allege that the IRS failed to issue a Notice of Deficiency for each of the tax years in

question.  See, <u>Answer</u>, supra at ¶¶17-18.  Accordingly, the Hoklins contend that they were deprived of their right to contest the alleged deficiencies, through the United States Tax Court.  <u>Id.</u> at ¶21.  In response, the Government makes no mention of the Notices of Deficiency in any of its filings, although it alleges, in its Complaint, that it provided a timely Notice of Assessment for each tax year in question.  See, <u>Complaint</u>, supra at ¶9.

Here, the Hoklins have not moved to enjoin this collection action as is permitted by Title 26 U.S.C. §6213(a).  However, the Court of Appeals for the Fifth Circuit has concluded that, when a taxpayer disputes timely Notice of Deficiency, as here, and when the Government fails to offer any evidence which would establish compliance with the statutory procedure, such a factual dispute precludes Summary Judgment.  See, <u>United States v. McCallum</u>, 970 F.2d 66, 70 (5th Cir. 1992); compare, <u>Wiley v. United States</u>, 20 F.3d 222, 228 (6th Cir. 1994)(Summary Judgment precluded by genuine dispute, where the Post Office "Form 3877 presented by the Government provided proof that the notice of deficiency was mailed, while the [IRS computer-generated transcript of the taxpayer's account] presented by [the taxpayer] provided proof that the notice was not mailed."); and <u>United States v. Zolla</u>, 724 F.2d 808, 810 (9th Cir. 1984)(No genuine dispute where Government submitted Post Office Form

3877, which showed that Notices of Deficiency had been sent, and taxpayer provided

no evidence to the contrary).

In an analogous case in this Circuit, a taxpayer contended, as do the Hoklins,

that the IRS had not complied with "established procedures regarding the mailing of

the statutory notice of deficiency."   United States v. Ahrens, 530 F.2d 781, 782 (8th

Cir. 1976).   Our Court of Appeals rejected the argument, and granted Summary

Judgment in favor of the Government.   Id. at 784.   However, in Ahrens, the

Government had submitted unrebutted proof that the Notice of Deficiency had been

mailed, including a copy of Post Office Form 3877, which reported that the Notice

had been sent to the taxpayer, and to his attorney.[3]  Id.  The Court observed that case

law has established Post Office Form 3877 to be "highly probative evidence that the

notice of deficiency was sent to the addresses specified," given that the IRS's internal

procedures recommended the use of the form, as a matter of course, in order to

memorialize compliance with the statutory notice procedures.  Id.; see also, Keado v.

---

[3]In Ahrens, the IRS sent the Notice of Deficiency to the taxpayer's attorney, pursuant to a formal power of attorney, which the taxpayer had executed in anticipation of his deployment overseas.  See, United States v. Ahrens, 530 F.2d 781, 783 (8th Cir. 1976).

United States, 853 F.2d 1209, 1213 (5th Cir. 1988); United States v. Zolla, supra at 810.

In addition, the Ahrens Court concluded that the form had been corroborated by the deposition testimony of the taxpayer's attorney, in which he stated that he had received the Notice of Deficiency, and by a copy of a letter, which was submitted by the Government, in which the taxpayer's attorney acknowledged receipt of the notice, and asked the IRS to postpone any proceedings until his client's return to the United States. Id. at 785. We find Ahrens to be wholly distinguishable from the circumstances here, because the Government has not provided any primary or secondary evidence, which would demonstrate that the IRS mailed any Notices of Deficiency to the Hoklins, as required by Title 26 U.S.C. §6212.

Our research has not revealed any case, within this District or this Circuit, in which a Court has granted Summary Judgment, in favor of the Government, when the taxpayer alleged that he had not received any Notice of Deficiency, and the Government failed to present any evidence that it had complied with the statutory notice procedures.[4]   Compare, United States v. Engels, 2000 WL 33152236 at *4

---

[4]We decline to apply the presumption of official regularity, in order to find that the IRS complied with the statutory notice requirements. See, United States v. Ahrens,
(continued...)

- 15 -

(N.D. Iowa, November 6, 2000)(No genuine dispute that Notice of Deficiency was

mailed as required, where Government presented a copy of the notice, which was sent

by certified mail, and which showed taxpayers' names and address, and an Affidavit

from the IRS's associate chief of appeals, who declared that it was standard practice

to send such Notice by certified mail); United States v. Miller, 1989 WL 125658 at

*1 (D. Neb., May 4, 1989)(Government submitted a copy of the Notice of Deficiency,

---

[4](...continued)
530 F.2d 781, 785 (8th Cir. 1976)("The presumption of regularity supports the official acts of public offers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."), citing United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926).  Our research has not revealed any case in which the presumption was applied to excuse proof of notice, in circumstances such as those presented here. Cf., Cross v. United States, 149 F.3d 1190, 1998 WL 255054 at *8 (10th Cir., May 19, 1998)[Table](Affidavits from IRS officials, which amounted to circumstantial evidence that regular procedures had been followed to obtain taxpayers' waiver of Notice of Deficiency, were sufficient to demonstrate absence of genuine dispute); United States v. Ahrens, supra at 785-86 (Presumption applied to prove contents of notice, where proof of mailing already established by unrebutted evidence).

Moreover, given the implication of the Hoklins' due process rights, if the Government, in fact, failed to provide timely Notice of Deficiency, and accordingly deprived the Hoklins of their opportunity to contest any deficiency in the United States Tax Court, we think the application of the presumption would be improper under the circumstances. See, Simpson v. United States, 1991 WL 253014 at *4 (N.D. Fla., October 9, 1991)([T]he government should not be permitted to rely **solely** on the presumption of governmental regularity when the opposing party is faced with proving a negative[.]")[emphasis added].

- 16 -

as well as a certified mail envelope addressed to the taxpayer, at the address listed on his relevant tax returns); Meyer v. Comm'r of Internal Revenue, 1986 WL 12672 at *1, *2 (D. Minn., September 9, 1986)(Government submitted a copy of the Notice of Deficiency, and Post Office Form 3877, which proved Notice was sent by certified mail).   If the Government is unable to demonstrate that it provided a Notice of Deficiency, it will be unable to prove the validity of the assessments and liens which are at issue in this action.  See, Langer v. United States, 122 Fed.Appx. 291 (8th Cir. 2005)("[W]here the underlying tax is an income, estate, gift, or excise tax, the IRS is required to send the taxpayer a deficiency notice before making the assessment."); Hance v. Comm'r of Internal Revenue, 215 F.3d 1336, 2000 WL 745357 at *1 (10th Cir., May 25, 2000)[Table] ("The issuance of a notice of deficiency is a prerequisite to any action by the IRS to 'assess, collect, or reduce to judgment most income tax liabilities.'"), quoting United States v. Zolla, supra at 810; Russell v. United States, 774 F. Supp. 1210, 1215-16 (W.D. Mo. 1991)("The IRS' failure to issue the statutory notices within the statute of limitations nullifies the assessments levied and permanently bars the IRS from assessing plaintiffs for the alleged tax deficiencies."), citing Title 26 U.S.C. §6213(a), and 26 C.F.R. §301.6213-1(a); Allen v. LeBaube, 1984 WL 1185 at *2 (W.D. Mo., September 5, 1984)(The failure of the IRS "to

provide proper notice of deficiency to [the taxpayers] prevented them from petitioning the Tax Court for a redetermination of the deficiency pursuant to 26 U.S.C. §6213(a)," and "precludes the [subsequent] assessment[.]").

Given the absence of evidence, in this Record, that the IRS sent Notices of Deficiency, as required by statute, we find that a genuine dispute exists, which precludes the entry of Summary Judgment. We acknowledge that a deficiency does not occur, and therefore a Notice of Deficiency is not required, when a taxpayer files a return which indicates the amount owing, but simply fails to pay. See, Title 26 U.S.C. §6211; United States v. Schoppert, supra at 454. However, we cannot conclude, on this Record, that such circumstances exist in this case.

Here, the Certificates of Assessments, which were submitted by the Government, and which pertain to the tax years in question, each include a line which states "RETURN FILED & TAX ASSESSED." See, Government's Memorandum in Support, supra, Exhibits 1-12.[5] As a result, it appears that the Hoklins did file voluntary returns. However, it is not apparent from those documents who determined

---

[5]Several of the Certificates of Assessment also include a line, which states "EXTENSION OF TIME TO FILE," and which further supports a conclusion that the Hoklins filed voluntary returns for 1992, 1993, 1994, and 1996. See, Government's Memorandum in Support, supra, Exhibits 1, 2, 3, and 5.

the amount of taxes owed -- that is, it is not clear whether the Hoklins self-reported the correct amount of taxes, or the IRS calculated a deficiency.   Compare, <u>Bonnett v. United States</u>, supra at *6 (Record demonstrated that taxpayers had reported tax owed on voluntary returns, and therefore, a Notice of Deficiency was not required). Accordingly, we are unable to determine that a Notice of Deficiency was not required in this case, for any or all of the relevant tax years.[6]

In sum, because the Government has not submitted evidence that Notices of Deficiency were sent, or that such Notices were not required, we find that the parties' pleadings raise a genuine issue of material fact, which precludes Summary Judgment. We recognize that the irregularity that we have identified, and that precludes, on this Record, the award of Summary Judgment, as requested by the Government, is readily remedied if the Government has those Notices in its files, or can demonstrate that such Notices were unnecessary.  However, we cannot recommend the grant of Summary Judgment on the basis of presumption, or on a belief that a fundamental element of

---

[6]Nor do we find any basis, on this Record, to determine that any other exceptions, to the notice requirements of Title 26 U.S.C. §6212, are applicable.  See, <u>Title 26 U.S.C. §6213(b)</u>(No Notice of Deficiency required for mathematical or clerical errors, or for tentative carryback or refund adjustments).

proof could be forthcoming and, therefore, we recommend that the Government's

Motion be denied.[7]

NOW, THEREFORE, It is --

RECOMMENDED:

That the Government's Motion for Summary Judgment [Docket No. 34] be

DENIED.

Dated:  February 6, 2008                    s/Raymond L. Erickson

                                            Raymond L. Erickson
                                            CHIEF U.S. MAGISTRATE JUDGE

---

[7]In addition, the Hoklins allege that the Government failed to follow the statutory procedure, which would authorize the prosecution of this action against them.  See, Answer, supra at ¶27; Title 26 U.S.C. §§7401, 7403.  It may be that the Hoklins' bare assertion is insufficient to overcome the presumption of official regularity.  See, United States v. Trager, 53 F.R.D. 654, 655 (E.D. Mo. 1971)(Taxpayer failed to overcome presumption that United States Attorney had received proper authorization to commence foreclosure action); see also, Palmer v. I.R.S., 116 F.3d 1309, 1311 (9th Cir. 1997)(Presumption attached, plus Government submitted evidence which tended to prove authorization).  Nonetheless, the Government has not proffered any evidence to demonstrate that it received authorization from the IRS to commence the present action.

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 25, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 25, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.